**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

    **v.**                                               **1:11-CV-1367**

**ROBERT A. ENOCH,**

                **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

    The United States of America commenced this action on November 18, 2011 asserting that Defendant failed to repay the U.S. Department of Education amounts owed on a student loan. See Compl. dkt. #1, Master Promissory Note, Ex. A to Compl. Defendant Robert A. Enoch was served with the Summons and Complaint, see Aff. Ser., dkt. # 3, but has failed to appear in this action. The Clerk entered default on February 14, 2012. Dkt. # 6. The United States now moves for a default judgment, attesting that Defendant executed a promissory note to secure a loans from the Department of Education and he has failed to repay the loan in full. These allegations, which are deemed admitted by Defendant's failure to respond to the motion, see Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup., Inc., v. E.L.U.L. Realty Group Corp., 973 F.2d 155, 158 (2d Cir. 1992), are sufficient to establish Defendant's liability.

"While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) 193.  "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l Group Merch. Servs. v. Ninna, Inc., 655 F. Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Exhibitgroup, 973 F.2d at 158, 160.  Here, the materials submitted with the Complaint  together with the affidavits in support of the motion for default are sufficient to establish damages on the promissory note because those amounts (principal owed on the notes and interest) are susceptible to mathematical computation.  The submissions are also sufficient to establish the service of process costs ($25.00) incurred by the Untied States in instituting this action.

## II.    CONCLUSION

For the foregoing reasons, the motion for default judgment is **GRANTED**, and judgment is entered in favor of the United States of America against Robert A. Enoch as follows. With respect to the arrears on the promissory note:

| | |
|---|---|
| Principal Balance: | $   3,412.63 |
| Interest Accrued through 11/18/11: | $   1,322.92 |
| Total Owed through 11/18/11: | $   4,735,55 |

Pre- and Post-judgment interest is to accrue at the rate of 2.48 percent per year in accordance with the provisions of the promissory note.

    Costs in the amount of $25.00 are assessed against Defendant Robert A. Enoch.

**IT IS SO ORDERED**

Dated: March 29, 2012

Thomas J. McAvoy
Senior, U.S. District Judge